Elizabeth MAULLER, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 72901.

Missouri Court of Appeals, Western District.

Feb. 22, 2011.

Joseph L. Green, St. Louis, MO, for Appellant

Ninion S. Riley, Jefferson City, MO, for Respondent

Before: THOMAS H. NEWTON, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Ms. Elizabeth Mauller appeals from the judgment of the Labor and Industrial Relations Commission (Commission) denying her application for unemployment benefits. The Commission determined Ms. Mauller was disqualified from receiving benefits because she voluntarily left her employment without good cause attributable to the work or the employer, section 288.050.1.[1] We affirm in part, reverse in part, and remand.

## Factual and Procedural Background

In 2006, Ms. Mauller began working for the Pasta House Company (Employer), a catering company, on an on-call basis. In the spring of 2008, Ms. Mauller informed Employer she was planning to move out of state, but did not give Employer a date. On February 16, 2009, Ms. Mauller was hospitalized for twelve hours for a urinary tract infection. Employer called Ms. Mauller on February 17 to ask her to work an event the next day. Ms. Mauller explained that she was not available for three or four days because of the hospitalization and informed Employer that she was four months pregnant. Ms. Mauller also told Employer she had a work restriction and could not lift over thirty pounds.[2] Employer testified that

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2009.

2. The parties offered conflicting testimony as to whether Ms. Mauller stated she had a work restriction. We defer to the Commission's determinations on issues resolving matters of

lifting over thirty pounds was a requirement of the work. Employer also testified that employees are told to check in with Employer on a regular basis for work if it had not called them.

About two weeks later, Ms. Mauller called Employer to ask if work was available; Employer told her it was slow and no work was available. Approximately a month later, Employer phoned Ms. Mauller to tell her she had a paycheck waiting; Ms. Mauller again inquired about work and was again told there was no work available. In June 2009,[3] Ms. Mauller requested to be taken off Employer's call list and asked for separation papers so she could apply for food stamps. In August of 2009, Ms. Mauller moved out of state.

Ms. Mauller applied for unemployment benefits, which Employer protested. A deputy determined that Ms. Mauller was disqualified from receiving benefits because she left work voluntarily on February 13, 2009, the day after the last day she had worked for Employer, without good cause attributable to the work or the employer. Ms. Mauller appealed. After a telephone hearing, the Appeals Tribunal reversed the deputy's determination, finding that Ms. Mauller was discharged on February 13, 2009, rather than leaving work voluntarily. Employer appealed to the Commission. A majority of the Commission reversed the Appeals Tribunal, finding that it was Ms. Mauller's burden to demonstrate that she left work for good cause attributable to the work or her employer and that she failed to meet this burden. It found "the facts and circumstances ... taken as a whole, tend to demonstrate that [Ms. Mauller] left work voluntarily" on February 13, 2009. Ms. Mauller appeals, raising two points.

witness credibility and conflicting evidence. *Ayers v. Sylvia Thompson Residence Center,* 211 S.W.3d 195, 198 (Mo.App. W.D.2007).

## Standard of Review

■■■■ We review the Commission's decision to determine if based upon the whole record, the Commission could reasonably have made its findings and reached its result. *Mena v. Cosentino Group, Inc.,* 233 S.W.3d 800, 803 (Mo.App. W.D.2007). We review whether "(1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award." *Id.* (citation and internal quotation marks omitted); *see also* § 288.210. Absent fraud, if the Commission's factual findings are supported by competent and substantial evidence, they are conclusive and binding. *Id.* On issues of law, however, we do not defer. *Id.* We strictly construe statutory provisions disqualifying claimants from receiving employment security benefits. *Ayers v. Sylvia Thompson Residence Ctr.,* 211 S.W.3d 195, 198 (Mo.App. W.D.2007). The former employee, however, has the burden to show her entitlement to benefits when she leaves voluntarily. *Id.*

## Legal Analysis

In her first point, Ms. Mauller contends that she did not voluntarily leave her employment because she sought work from Employer after February 17, 2009. In her second point, she contends in the alternative that even if her departure was voluntary, it was for good cause attributable to Employer because Employer offered her no further work.

**3.** The record does not reflect a specific date in June on which this event occurred.

The purpose of employment security is to provide for those workers who are involuntarily terminated from their employment through no fault of their own. *Shelby v. Hayward Baker, Inc.,* 128 S.W.3d 164, 170 (Mo.App. S.D.2004). Section 288.050.1 provides in relevant part:

Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

(1) That the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer.

A departure is "voluntary" when it proceeds from the will or is "produced in or by an act of choice." *Difatta–Wheaton v. Dolphin Capital Corp.,* 271 S.W.3d 594, 598 (Mo. banc 2008) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2564 (Unabridged, 1993)). "An employee is deemed to have left work voluntarily when she leaves of her own accord as opposed to being discharged, dismissed, or subjected to layoff by the employer." *Willcut v. Div. of Emp't. Sec.,* 193 S.W.3d 410, 412 (Mo. App. E.D.2006). Whether a claimant quit or was fired is a question of fact viewed with deference to the Commission's decision. *Ewing v. SSM Health Care,* 265 S.W.3d 882, 886 (Mo.App. E.D.2008).

Ms. Mauller argues she did not voluntarily leave her employment because Employer did not contact her for further work. We do not agree. Whether an employee quits or is discharged may be determined by examining whether the employer or the employee committed the final act severing the employment relationship. *Ayers,* 211 S.W.3d at 198. The final act severing Ms. Mauller's employment was

that Ms. Mauller voluntarily requested separation papers while still on Employer's call list. Prior to this act, Ms. Mauller did not inquire as to whether she was discharged, nor was Ms. Mauller ever informed directly or indirectly that she was discharged. *See Ewing,* 265 S.W.3d at 886; *compare Turner v. Proffer Transp., Inc.,* 310 S.W.3d 769, 775 (Mo.App. E.D. 2010) (a departure was determined not to be a quit where a suspended employee made repeated unsuccessful attempts to ascertain the status of his employment and employer advised him to apply for unemployment). Ms. Mauller's unemployment was the "direct and immediate consequence" of her request. *See Ayers,* 211 S.W.3d at 198. Consequently, we find the Commission's decision that Ms. Mauller left work voluntarily is not against the overwhelming weight of the evidence.

Ms. Mauller argues alternatively that if her departure was voluntary, it was for good cause attributable to Employer because the company did not call her for work. When a claimant voluntarily leaves work, the claimant has the burden to show that the departure was for "good cause" attributable to the claimant's work or employer. *Shelby,* 128 S.W.3d at 170. "Good cause" is determined by the facts of each case and whether "good cause" was established is a question of law on which we do not defer to the Commission's determination. *Ewing,* 265 S.W.3d at 887–88. It is an objective measure based on what an average person would do acting reasonably and in good faith. *Id.* at 888. "Attributable to such work or to the claimant's employer," as used in section 288.050, means that the work or the employer itself must cause it to be unreasonable to expect the employee to continue the work. *Mena,* 233 S.W.3d at 804.

Ms. Mauller argues that because she inquired about work and Employer did

not call her to offer work, she quit for good cause attributable to the Employer. However, Employer testified that the company practice was for employees to call in to seek work. Ms. Mauller failed to diligently follow up in finding out whether work was available: two weeks passed before she called Employer after being in the hospital; she inquired again only when Employer called her a month later. Moreover, Ms. Mauller failed to inquire as to whether work would become available in the future before terminating her employment or attempting to seek any other resolution. The essential element of good faith is not shown where an employee fails to seek a resolution before quitting. *Ewing*, 265 S.W.3d at 888. Consequently, Ms. Mauller did not demonstrate good cause for her voluntary termination attributable to the work or the employer.

However, as the Division concedes in its brief, the Commission's finding as to the date of Ms. Mauller's voluntary departure is erroneous. The Commission's finding of voluntary departure was based on "the facts and circumstances ... taken as a whole" through June 2009—the time at which Ms. Mauller requested separation papers and to be removed from the call list. Consequently, the Commission's finding that Ms. Mauller left work on February 13, 2009 is not supported by the record. We therefore affirm its decision that Ms. Mauller left work voluntarily without good cause attributable to the work or the employer, but we reverse its determination that Ms. Mauller left work voluntarily on February 13, 2009. Ms. Mauller's first and second points are denied.

The Division further notes that employees who are laid off for a period of time due to a lack of work such as a lay off may be eligible for benefits while they are "temporarily unemployed." *See Western Electric Co. v. Industrial Commission*, 489 S.W.2d 475, 481 (Mo.App.1972). Citing *Willcut*, 193 S.W.3d at 414, the Division argues we "should find that: [Ms. Mauller] is not disqualified from receiving unemployment benefits from February 19, 2009 to June 1, 2009 (because she was temporarily unemployed for lack of work)." Eligibility for temporary unemployment benefits, however, may also require the claimant to meet other requirements, such as actively seeking work if the employer has not given a recall date. *See* § 288.040. We, therefore, remand for the Commission to determine the correct date of Ms. Mauller's voluntary departure in accord with this opinion and to consider her eligibility for temporary unemployment benefits between February and June 2009.

## Conclusion

For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

SMART and ELLIS, JJ. concur.