Dorsey STERN, Appellant,

v.

Gregory D. CAMFIELD, DMD, PC,
and Division of Employment
Security, Respondents.

No. ED 99477.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 22, 2013.

Kenneth P. Carp, Clayton, MO, for appellant.

Robert A. Bedell, Jefferson City, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Dorsey Stern (Claimant) appeals the decision of the Labor and Industrial Relations Commission denying her unemployment benefits. Claimant asserts that the Commission erred in finding that she left work voluntarily. Finding no error, we affirm.

Claimant worked as a dental assistant for Gregory D. Camfield, D.M.D., P.C. (Employer) from December 2006 until August 2012. Claimant's separation resulted from two tense exchanges with Employer on July 18 and 19, after which Employer asserts that Claimant gave notice of her resignation, while Claimant insists that she was fired. A deputy for the Division deemed Employer more credible and thus determined that Claimant quit. Claimant sought review before the Appeals Tribunal, which received evidence and heard the parties via teleconference. The record

supporting Claimant consists of her own testimony. The record supporting Employer's version of the facts consists of his testimony, the written statements of two other employees, and the content of a text message by Claimant expressing a desire to quit her job in April 2012 (offered by Employer to establish a pattern). Claimant admitted that she had "walked out" on other occasions but returned to work the following morning. The Appeals Tribunal concluded that Claimant left work voluntarily. The Commission affirmed the Tribunal's decision. Claimant appeals.

■ This court may modify, reverse, remand for rehearing, or set aside the decision of the Commission when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210 RSMo 2000. In unemployment compensation cases, the Commission's decision will not be disturbed on appeal unless it is unsupported by competent substantial evidence or unauthorized by law. *Moore v. Swisher Mower & Machine Co., Inc.* 49 S.W.3d 731, 737 (Mo.App.2001).

■ In her sole point, Claimant asserts that the Commission erred in finding that she left work voluntarily in that Claimant testified that she was fired. Simply put, Claimant attempts to re-litigate the parties' conflicting versions of the facts and in doing so wholly ignores this court's standard of review. The Commission's determination of whether an employee voluntarily left her employment or was discharged is a factual determination. *Miller v. Help At Home, Inc.,* 186 S.W.3d 801, 805 (Mo.App.2006). We do not review that determination *de novo.* Rather, we examine only whether there is competent

and substantial evidence to support it. *Id.* Importantly, if there is conflicting evidence as to a factual issue, the resolution of that conflict is for the Commission. *Id.* Here, despite Claimant's testimony to the contrary, Employer's testimony and two witness statements constitute sufficient competent evidence supporting the Commission's factual finding that Claimant quit.

*Noah v. Lindbergh Investment, LLC,* 320 S.W.3d 212 (Mo.App.2010), cited by Claimant, is inapposite. That case involved whether the claimant's *undisputed* conduct amounted to a voluntary quit. By contrast, this case involves conflicting testimony as to whether Claimant verbally submitted her resignation or Employer verbally fired her. The deputy, the Appeals Tribunal, and the Commission resolved that evidentiary conflict in favor of Employer, and this court's standard of review mandates deference to that determination. Point denied.

The Commission's decision is affirmed.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.