

# Missouri Court of Appeals
## Southern District
### Division Two

ROBERT URBAN,                          )
                                       )
    Claimant-Appellant,            )
                                       )
vs.                                    )          No. SD33702
                                       )
REGAL BELOIT AMERICA, INC.,            )          Filed July 15, 2015
                                       )
    Employer-Respondent,           )
                                       )
and                                    )
                                       )
DIVISION OF EMPLOYMENT                 )
SECURITY,                              )
                                       )
    Respondent.                    )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

AFFIRMED

Robert Urban ("Claimant") appeals from the Labor and Industrial Relations

Commission's ("Commission") order denying his claim for unemployment benefits following his

termination from Regal Beloit America, Inc. ("Regal"). In his sole point relied on, Claimant

contends that the Commission erred in concluding that he committed misconduct, in that the

decision was not supported by sufficient competent evidence. We disagree and affirm the

Commission's decision.

1

## Factual and Procedural Background

Claimant was an electrician at Regal. On September 9, 2014, Claimant met with his acting supervisor and expressed dissatisfaction about being assigned to work in "Die Cast." Specifically, Claimant stated that he was "tired of working in f***ing Die Cast." Claimant then clocked out and left, leaving a note requesting vacation time posted to a chalkboard. Regal policy required employees to have vacation leave approved in advance. After he left, Tami Frazee, the human resources manager for Regal, called and notified Claimant via voicemail that he was discharged because he had "walked off the job without permission."

Claimant applied for unemployment benefits, and Regal protested. Claimant's initial application was denied, and he appealed to the Appeals Tribunal ("Tribunal"). Claimant and Frazee both testified before an appeals referee. Claimant offered a different timeline of events than that set forth above, but the Tribunal found that Frazee's version of events was more credible. The Tribunal also found that Regal expected its employees to refrain from leaving during their scheduled shifts without permission and that Claimant walked out during his shift without permission because he was disgruntled with the work he was being asked to perform. Accordingly, the Tribunal found that Claimant's actions amounted to "misconduct" as defined by section 288.030.1(23)(a).[1]

Claimant appealed the Tribunal's decision to the Commission. The Commission reviewed the whole record and concluded that the Tribunal's decision was "supported by competent and substantial evidence." The Commission adopted the Tribunal's decision as the Commission's decision in this matter.[2] This appeal timely followed.

---

[1] References to section 288.030 are to RSMo Supp. 2014.
[2] When the Commission adopts the decision of the Tribunal, we utilize the Tribunal's decision in reviewing the order of the Commission. *White v. St. Louis Teachers Union*, 217 S.W.3d 382, 389 (Mo.App. 2007).

## Standard of Review

"The findings of the [C]ommission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210.[3] This Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission if we conclude that "there was no sufficient competent evidence in the record to warrant the making of the award." Section 288.210. "On matters of witness credibility and resolution of conflicting evidence, the appellate court defers to the Commission's determinations." *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 198 (Mo.App. 2007). "Questions of law are reviewed independently, and the appellate court is not bound by the Commission's conclusions of law or its application of law to the facts." *Id.* The determination of whether an employee's actions constitute misconduct connected with work is a question of law, which we review *de novo. Duncan v. Accent Mktg., LLC*, 328 S.W.3d 488, 491 (Mo.App. 2010).

## Discussion

"Though the claimant has the burden of proving his right to receive unemployment benefits in the first instance, the employer bears the burden of proving that the applicant is ineligible because he was discharged for misconduct connected with his work." *Seck v. Dep't of Transp.*, 434 S.W.3d 74, 82 (Mo. banc 2014). Section 288.030.1(23)(a) defines "misconduct" as "[c]onduct or a failure to act demonstrating . . . a knowing violation of the standards which the employer expects of his or her employee[.]" Regal, therefore, was required to prove (1) Claimant's knowing violation of (2) a standard or standards that Regal expected of Claimant. *See* section 288.030.1(23)(a).

Ignoring our standard of review, the entirety of Claimant's factual analysis contends that:

---

[3] References to section 288.210 are to RSMo 2000.

Specifically, the referee and Commission appear to have ignored the testimony regarding a gap of time of at least an hour between [Claimant] complaining about his working conditions and [Claimant] clocking out for lunch. Instead, the referee appears to have concluded that [Claimant] clocked out and left work without permission immediately following his conversation with his coworker.

[Claimant] in fact testified that following the conversation he returned to work for at least an hour before clocking out shortly before 9:00 am for his lunch break. [Claimant] was permitted 30 minutes to take lunch. [Regal] made the decision to terminate his employment sometime before 9:33 am, about 30 minutes after he had clocked out. He had the intent to return to work at the end of his break if he had not heard back from his supervisor about his request for vacation time. Even if [Claimant] had been late returning from lunch, that would still have merited only a warning.

(Record citations omitted). The Commission was not required to believe any of the evidence that Claimant sets forth. *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 562 (Mo.App. 1996) ("The Commission is free to believe or discount the self-serving testimony of any witness."). Claimant's argument that the decision is not supported by competent and substantial evidence is no more than a cleverly disguised attempt to re-litigate the conflicting versions of the facts, which we cannot do. *Stern v. Camfield*, 411 S.W.3d 859, 860 (Mo.App. 2013).

Frazee testified that Regal expected its employees not to walk off the job without permission and required employees to have vacation leave approved in advance, that Claimant was aware of the proper procedure for requesting vacation leave, and that Claimant left work without permission or preapproved vacation leave immediately after expressing dissatisfaction with his current position. Frazee also testified that Claimant attempted to justify his leave from the workplace by noting on a chalkboard as he left that he was taking vacation leave and by thereafter sending a text message requesting four hours of vacation leave to his regular supervisor, who was unavailable because he was on a temporary company assignment in the country of Mexico.

4

Frazee's testimony concerning Claimant leaving the workplace without permission and without preapproved vacation leave established that Claimant violated Regal's expected standards. Frazee's testimony concerning Claimant's stated job dissatisfaction with which Claimant left work and Claimant's subsequent attempts to justify such leave as vacation time while aware that such vacation time was required to be preapproved supports a reasonable inference that his conduct was "a knowing violation" of those standards. Accordingly, the testimony of Frazee is sufficient to support the Commission's decision.[4] Point denied.

## Decision

The Commission's decision is affirmed.


GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

DON E. BURRELL, J. – concurs

---

[4] Claimant does not set forth any reason that this testimony would not be competent.

5