CORRECTED
August 2, 2016



## In the
## Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| MICHELE ESQUIVEL, | ) | |
| | ) | |
| Appellant, | ) | WD79247 |
| | ) | |
| v. | ) | OPINION FILED:  July 26, 2016 |
| | ) | |
| HY-VEE, INC. AND DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |

Appeal from the Labor and Industrial Relations Commission

Before Division Two:  Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Michele Esquivel ("Esquivel") appeals from the Labor and Industrial Relations Commission's ("Commission") order denying her claim for unemployment benefits following her termination from Hy-Vee, Inc. ("Hy-Vee").  Esquivel argues that the Commission erred in concluding that she committed misconduct and in denying her claim for unemployment benefits, because the decision was not supported by sufficient competent evidence.  We affirm the Commission's decision.

**Factual and Procedural Background**

Hy-Vee operates a supermarket where Esquivel worked as a florist. When she was hired, Esquivel signed a receipt for the Hy-Vee's Employee Handbook and for written Hy-Vee policies. The written policies included a prohibition against "[v]erbal or physical abuse of a customer or employee, the use of vulgarity or any misconduct around customers or employees." The written policies provided that "[v]iolation of any policies may result in disciplinary action up to and including termination."

On April 8, 2015, Esquivel received a call from the manager of another area Hy-Vee store regarding a problem with a floral order Esquivel had sent to that store for completion. Esquivel's former supervisor heard her become angry during the call and use words such as "stupid b****h" and "lazy a*s." A fellow employee was at the floral counter at the time and heard Esquivel say, "it's not my damn fault that you can't write the number down right." These comments also occurred in the presence of customers.

The next day Esquivel met with the perishables department manager and the human resources manager. The managers went over everything that Esquivel was accused of saying, while Esquivel lowered her head and nodded. On April 9, 2015, Esquivel was discharged.

After her termination, Esquivel applied for unemployment benefits. Esquivel's application was denied because it was determined she was ineligible for benefits because she was discharged for misconduct. Specifically, a Division of Employment Security

2

deputy determined that Esquivel used profanity while at work in violation of Hy-Vee's code of conduct policy.

Esquivel appealed the deputy's decision to the Appeals Tribunal ("Tribunal"). During a telephone hearing, Esquivel testified on her own behalf, while her former supervisor, the employee that was present during the incident, the perishables department manager, and the human resources manager, all testified on behalf of Hy-Vee. Esquivel testified that she did not use vulgarity on April 8, 2015, while Hy-Vee's witnesses testified that she did. The Tribunal found Hy-Vee's witnesses to be more credible.

Esquivel's former supervisor also testified about an incident that occurred on March 25, 2015, where Esquivel was in a bad mood and began cursing under her breath. Esquivel denied that she engaged in this conduct. The Tribunal found Esquivel's testimony about the March 25, 2015 incident to be more credible than the employer's. However, the Tribunal found that Esquivel was warned in writing at the time of the March 25, 2015 incident that any further violations of the conduct policy could result in her discharge.

The Tribunal concluded that Esquivel knowingly disregarded her employer's interests on April 8, 2015 because it is reasonable for an employer to expect that an employee will not become upset and swear at co-workers or customers during the normal course of business, Hy-Vee had a policy against such behavior, and Esquivel had received a warning about the use of foul language. The Tribunal also found that Esquivel had violated one of Hy-Vee's rules, and that Esquivel did not demonstrate either that she was unaware of the rule's requirements, that the rule was unlawful, or that the rule was

3

not fairly or consistently enforced. Accordingly, the Tribunal found that Esquivel was not eligible for benefits because she was discharged for misconduct connected with her work.

Esquivel filed an application for review with the Commission. On November 10, 2015, the Commission affirmed the Tribunal's decision by a 2-1 vote, and adopted the Tribunal's findings. Esquivel appealed.

## Standard of Review

This Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission if we find "that there was no sufficient competent evidence in the record to warrant the making of the award." Section 288.210(4).[1] "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). "This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony." *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995). "Whether the Commission's findings support the conclusion that a claimant engaged in misconduct connected with his or her work is a question of law" and reviewed *de novo*. *Fendler v. Hudson Servs.*, 370 S.W.3d 585, 588-89 (Mo. banc 2012). Where the Commission adopts the findings of the Tribunal, "we are necessarily called upon to examine those findings in our review of the

---

[1]All statutory references are to RSMo 2000 as supplemented through the date of Esquivel's discharge from employment unless otherwise expressly noted.

4

Commission's decision." *Hubbell Mech. Supply Co. v. Lindley*, 351 S.W.3d 799, 807 (Mo. App. S.D. 2011) (citations omitted).

## Analysis

Esquivel alleges in her sole point on appeal that the Commission erred in denying her claim for unemployment benefits because the decision that she engaged in misconduct connected with work was not supported by competent and sufficient evidence as her conduct on April 8, 2015 was minor, and was not knowingly or intentionally committed, nor harmful to Hy-Vee's interest.

"Though the claimant has the burden of proving his right to receive unemployment benefits in the first instance, the employer bears the burden of proving that the applicant is ineligible because he was discharged for misconduct connected with his work." *Seck v. Dep't of Transp.*, 434 S.W.3d 74, 82 (Mo. banc 2014). Relevant to this case, misconduct is defined by section 288.030.1(23) as:

> [C]onduct or failure to act in a manner that is connected with work . . . which shall include:
>
> (a)    Conduct or failure to act demonstrating . . . knowing violation of the standards which the employer expects of his or her employee;
>
> . . .
>
> (e)    A violation of an employer's rule, unless the employee can demonstrate that:
>
> > a.    He or she did not know, and could not reasonably know, of the rules requirements;
> >
> > b.    The rule is not lawful; or
> >
> > c.    The rule is not fairly or consistently enforced.

5

The Commission found that Esquivel engaged in misconduct as defined by both section 288.030.1(23)(a) and (e). As such, the Commission's determination must be affirmed if substantial competent evidence on the record as a whole supports either finding. Because we conclude that the Commission's finding of misconduct as defined by section 288.030.1(23)(e) is supported by the record as a whole, we need not address the determination that misconduct also occurred pursuant to section 288.030.1(23)(a).

It is uncontested, and the Commission found, that Hy-Vee has a written rule prohibiting the use of profanity in the workplace. Esquivel does not contest that she violated the rule when she used profanity in the workplace on April 8, 2015, though she contests the severity of the violation, a matter we discuss, *supra*. Substantial, competent evidence on the record as a whole supports the conclusion that Esquivel violated one of Hy-Vee's rules. Section 288.030.1(23)(e) unambiguously provides that the violation of an employer's rule constitutes misconduct ***unless*** the employee can demonstrate she did not know, and reasonably could not have known of the rule; that the rule was unlawful; or that the rule was not fairly or consistently enforced. In other words, though an employer bears the burden to establish misconduct connected with work, once misconduct in the form of a rule violation is established, the burden shifts to the employee to demonstrate a statutory excuse that operates to remove the rule violation from the definition of misconduct.

Here, the Commission found that Esquivel "did not demonstrate that she did not know the rule's requirements, that the rule was unlawful, or that the rule was

6

inconsistently enforced." Esquivel has not challenged this finding on appeal, and thus concedes that she failed to demonstrate a statutory excuse for her admitted violation of Hy-Vee's profanity rule.

Instead, Esquivel argues that she only said "damn," a minor violation of Hy-Vee's rule that caused Hy-Vee no harm. Nowhere in the plain language of Section 288.030.1(23)(e) is exception made for minor rule violations. Esquivel fails to provide this Court with any authority that would allow us to go beyond the plain language of Section 288.030.1(23)(e). Moreover, Esquivel's claim that she only said the word "damn," when Hy-Vee's witnesses testified to a more expansive use of profanity, ignores the Commission's factual finding accepting Hy-Vee's witnesses' testimony about the April 8, 2015 incident as credible. We are bound by the Commission's factual and credibility determinations. "Claimant's argument . . . is no more than a cleverly disguised attempt to re-litigate the conflicting versions of the facts, which we cannot do." *Urban v. Regal Beloit Am., Inc.*, 465 S.W.3d 512, 515 (Mo. App. S.D. 2015) (citing *Stern v. Camfield*, 411 S.W.3d 859, 860 (Mo. App. E.D. 2013)).

Esquivel also argues that her use of profanity was not knowing or deliberate. However, the unambiguous language of section 288.030.1(23)(e) does not require a knowing or deliberate violation of an employer's rule. In fact, section 288.030.1(23) was amended by the Legislature in 2014 to eliminate the requirement of a "deliberate" violation of an employer's rules. Prior to its amendment, section 288.030.1(23) defined misconduct as:

7

[A]n act of wanton or willful disregard of the employer's interest, *a deliberate violation of the employer's rules,* a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

(Emphasis added.) The 2014 amendment to section 288.030.1(23)'s definition of "misconduct," which eliminated the requirement that a rule violation be deliberate, must be given effect. "When the legislature amends a statute, it is presumed that its intent was to bring about some change to the existing a law." *Kolar v. First Student, Inc.*, 470 S.W.3d 770, 777 (Mo. App. E.D. 2015). It is thus irrelevant whether Esquivel's admitted violation of Hy-Vee's rule was deliberate, except insofar as such evidence might tend to establish that the employee did not know of the rule. Here, Esquivel admits that she was aware of Hy-Vee's profanity rule.

Sufficient competent evidence on the record as a whole supports the Commission's finding that Esquivel engaged in misconduct connected with work as defined by section 288.030.1(23)(e). The Commission's determination that Esquivel is not entitled to benefits can be affirmed on that basis, rendering it unnecessary to address whether the Commission's additional finding of misconduct pursuant to section 288.030.1(23)(a) is supported by the record as a whole.

Point denied.

8

## Conclusion

The Commission's decision is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur