

# Missouri Court of Appeals
## Southern District
### In Division

ROBYN PRICE,                         )
                                     )
            Appellant,               )
                                     )        No. SD37322
      vs.                            )
                                     )        **Filed: September 7, 2022**
MIDWEST HEALTH CONSULTING, INC.,     )
                                     )
and                                  )
                                     )
DIVISION OF EMPLOYMENT               )
SECURITY,                            )
                                     )
            Respondents.             )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Robyn Price ("Claimant") appeals from the Labor and Industrial Relations Commission's ("Commission") order denying her claim for unemployment benefits following an alleged reduction in the work hours provided to her by Midwest Health Consulting, Inc. ("Midwest"). In her sole point, Claimant contends the Commission erred in concluding she was not entitled to unemployment benefits in light of its finding that she consistently worked four to six hours per week. Claimant asserts that this finding

qualifies her for partial unemployment benefits under section 288.060.3.[1]  We affirm the Commission's decision.

## Factual and Procedural Background

During the relevant time period, Claimant was employed by two employers: Midwest and National Therapeutic Associates ("National").  At first, Claimant filed an unemployment claim against National with the Division of Employment Security ("Division") alleging a "Weekly Benefit Amount" of $320.00 for a "Benefit Year" beginning on March 29, 2020.  At some point, however, Claimant filed a claim against her other employer, Midwest, for the "Benefit Year" with the same beginning date.  Midwest protested, asserting that it still employed Claimant full time.  The Division denied the requested benefits, determining that Claimant was ineligible because she "is employed on a full-time basis."

Claimant appealed the Division's decision to the Appeals Tribunal ("Tribunal").  A hearing was held at which the appeals referee received testimony from Claimant and procedural documentation from the Division.  Claimant testified that she began working as a PRN (as needed) physical therapist for Midwest in 2018 and she neither owned Midwest nor was self-employed.  She testified that she received wages from Midwest in the amount of $55 per hour and had neither voluntarily quit Midwest, been discharged, nor taken a leave of absence.  She further testified that because of a lack of patients due to COVID, she was receiving approximately four to six hours of work per week from Midwest and then, after September 15, 2020, no work at all.  Claimant testified that she pursued additional employment, including additional PRN work with National.

---

[1] All statutory references are to RSMo (2016).

The Tribunal issued a written decision including, in pertinent part, the following findings of fact and conclusions of law:

> The issue in this matter is whether claimant was eligible for regular unemployment benefits from March 29, 2020. The evidence offered indicates that the claimant was continually employed by the employer. She was consistently working at least four to six hours a week during the period in question. This continued through September 16, 2020. At no time did the employer discharge the claimant; [n]or did she voluntarily quit.
>
> In accordance with, Lauderdale v. DES, 605 S.W.2d 174, 178 (Mo. App. 1980), the claimant's acceptance of the leave of absence resulted in his continued attachment to employer thereby limiting his availability to work for any other employer. Therefore, as "A person may not at the same time occupy the status of one employed and that of one unemployed when seeking pecuniary benefits provided by law for the latter only," Division of Employment Sec. v. Labor & Indus. Relations Commission, 617 S.W. 2d 620, 625 (Mo. App. 1981), the claimant was available and working from March 29, 2020.

Ultimately, the Tribunal affirmed the Division's decision, concluding that Claimant "is ineligible for benefits from March 29, 2020, through March 13, 2021, because [she] was not unemployed."

Claimant appealed the Tribunal's decision to the Commission. Two of the three Commissioners affirmed the Tribunal's decision, holding "it is fully supported by the competent and substantial evidence on the whole record, and it is in accordance with the relevant provisions of the Missouri Employment Security Law." The decision of the Tribunal was adopted as the decision of the Commission. This appeal timely followed.

## **Standard of Review**

"When the Commission adopts the decision of the Tribunal, we utilize the Tribunal's decision in reviewing the order of the Commission." *Urban v. Regal Beloit Am., Inc.*, 465 S.W.3d 512, 514 n.2 (Mo.App. 2015). "The findings of the [C]ommission as to the facts, if supported by competent and substantial evidence and in the absence of

3

fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210; *accord* MO. CONST. art. V, § 18. We may modify, reverse, remand for hearing, or set aside the decision only under the following circumstances: (1) "the [C]ommission acted without or in excess of its powers[,]" (2) "the decision was procured by fraud[,]" (3) "the facts found by the [C]ommission do not support the award[,]" or (4) "there was no sufficient competent evidence in the record to warrant the making of the award." Section 288.210. "Essentially, the Missouri Constitution and the Missouri Employment Security Law task this Court with reviewing the Commission's unemployment-compensation decisions for legal error." ***Mickles v. Maxi Beauty Supply, Inc.***, 566 S.W.3d 274, 277 (Mo.App. 2019). "Questions of law are reviewed independently, and the appellate court is not bound by the Commission's conclusions of law or its application of law to the facts." ***Ayers v. Sylvia Thompson Residence Ctr.***, 211 S.W.3d 195, 198 (Mo.App. 2007) (quoting ***McClelland v. Hogan Pers., LLC***, 116 S.W.3d 660, 664 (Mo.App..2003)).

### Discussion

In her point relied on, Claimant challenges the Commission's decision that she was ineligible for benefits from March 29, 2020, through March 13, 2021. Claimant contends "the facts found by the Commission do not support that decision and there was no sufficient competent evidence to support that decision[.]"[2] In essence, Claimant asserts that the facts found by the Commission authorize benefits and that the Commission

---

[2] "[A] decision against Claimant, as the party with the burden of proof, does not require any evidence supporting it." ***Firmand v. University of Missouri***, 628 S.W.3d 434, 436 (Mo.App. 2021) (citing ***White v. Dir. of Revenue***, 321 S.W.3d 298, 305 (Mo. banc 2010)). "Only factual findings that are necessary to make an award *for the employee* must be supported by competent and substantial evidence on the whole record." ***Annayeva v. SAB of TSD of City of St. Louis***, 597 S.W.3d 196, 200 n.8 (Mo. banc 2020) (emphasis added).

4

ignored or misapplied the controlling statute providing as such. Specifically, Claimant asserts that "the evidence clearly showed that [Claimant] was partially unemployed through no fault of her own and was available for work but suffered a reduction in the number of hours available to her and she was entitled to benefits pursuant to section 288.060.3 RSMo." Claimant is incorrect.

The statutory provision upon which Claimant relies states that "[e]ach eligible insured worker who is partially unemployed in any week shall be paid for such week a partial benefit." That subsection continues on to explain the partial benefit is derived from a calculation involving the difference between the "weekly benefit amount" and "that part of his or her wages for such week in excess of twenty dollars or twenty percent of his or her weekly benefit amount, whichever is greater . . . ." Section 288.060.3. Claimant, however, fails to discuss or address other relevant statutory provisions that define and explain the relevant terminology found in section 288.060.3. Claimant merely assumes, without factual or legal support, that the terminology applies to her and that she satisfies any associated requirements.

It is necessary, therefore, to turn to those relevant and controlling statutory provisions. As relevant here, for someone to be deemed partially unemployed the following is required:

> Effective for calendar year 2007 and each year thereafter, an individual shall be deemed "partially unemployed" in any week of less than full-time work if the wages payable to such individual for such week do not equal or exceed the individual's weekly benefit amount plus twenty dollars or twenty percent of his or her weekly benefit amount, whichever is greater[.]

Section 288.030(28)(b)b.

Thus, for Claimant to be partially unemployed, the employment for which she seeks partial unemployment benefits had to be, as an initial matter, less than "full-time"

5

work.  *See **Scheumbauer v. City of St. Louis***, 633 S.W.3d 543, 545-46 (Mo.App. 2021).  The Commission found that Claimant worked at least four to six hours per week. Although the term "full-time" is undefined by statute, the ***Scheumbauer*** court provided the definition of "'full time' (noun) as 'the amount of time considered the normal or standard amount for working during a given period'"; the definition of "'full-time' (adjective) as 'employed for or working the amount of time considered customary or standard'"; and a "'full-time employee' is '[o]ne who is hired to work at least the normal hours in a workweek as defined by an employer or statute, usu. 35 to 40 hours.'"  ***Id.*** at 546 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (3d ed. 2002) and BLACK'S LAW DICTIONARY (11th ed. 2019)) (alteration in original).  Therefore, under these definitions, Claimant passes the first requirement—her work does not qualify as "full-time" work.

What remains, however, is the requirement that Claimant's wages do not equal or exceed her "weekly benefit amount" plus twenty dollars or twenty percent of her weekly benefit amount, whichever is greater.

> With respect to initial claims filed during calendar year 2008 and each calendar year thereafter, the "maximum weekly benefit amount" means four percent of the total wages paid to an eligible insured worker during the average of the two highest quarters of the worker's base period, but the maximum weekly benefit amount shall not exceed three hundred twenty dollars.  If such benefit amount is not a multiple of one dollar, such amount shall be reduced to the nearest lower full dollar amount.

Section 288.038.  A worker's "base period"—a necessary component to calculate the weekly benefit amount—is "the first four of the last five completed calendar quarters *immediately preceding* the first day of an individual's benefit year[.]" Section 288.030(2) (emphasis added).

6

Here, Claimant filed her initial claim with the Division stating that her weekly benefit amount was $320.00 for a benefit year beginning March 29, 2020. The record established before the Tribunal, however, is devoid of any facts supporting the $320.00 claim because there was no testimony or documentation addressing what Claimant's total wages were, if any, during her base year, i.e., the first four of the last five completed calendar quarters immediately preceding March 29, 2020.

In her brief, Claimant alleges that she had been working fifteen to twenty hours a week before her hours were reduced in March of 2020 due to COVID. As support for this fifteen-to-twenty-hours figure, however, Claimant only cites to allegations made by her attorney in the application for review before the Commission that he filed on her behalf. Although § 288.200.1 permits the Commission to hear additional evidence, Claimant's application for review did not comply with the procedural requirements to adduce such evidence. *See* 8 CSR 20–4.010(5) (At a minimum, there must be a request to submit additional evidence that sets out in detail: (1) "[t]he nature and substance of the newly discovered evidence;" (2)"[n]ames of witnesses to be produced;" and (3) the "[n]ature of the exhibits to be introduced."); ***Gardner v. Div. of Emp. Sec.***, 369 S.W.3d 109, 111 n.1 (Mo.App. 2012) (holding that a signed statement accompanying an application for review before the Commission does not comply with 8 CSR 20–4.010).

It was Claimant's burden to prove her eligibility for unemployment benefits. ***Taylor v. Div. of Emp. Sec.***, 153 S.W.3d 878, 881 (Mo.App. 2005). Having provided no evidence properly before the Commission in the administrative record necessary to calculate her weekly benefit amount, Claimant did not meet that burden. Claimant did not show that the wages she received for working four to six hours a week during her benefit year "do not equal or exceed [her] weekly benefit amount plus twenty dollars or

7

twenty percent of . . . her weekly benefit amount, whichever is greater[.]" Section 288.030(28)(b)b.; *see also* **Lester E. Cox Med. Ctr v. Lab. and Indus. Rels. Comm'n**, 606 S.W.2d 427, 434-35 (Mo.App. 1980) (reversing a Commission order granting partial unemployment where "[t]he records from which the [weekly] benefit amount was computed do not appear in the administrative transcript and it affirmatively appears that [the claimant] had worked for a period less than his 'base period' on March 28, 1976, when his eligibility commenced").

## Conclusion

Claimant's point is denied. The Commission's decision is affirmed.

JACK A. L. GOODMAN, C.J. – AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS