David COTTON Jr.,
Claimant/Appellant,

v.

FLIK INTERNATIONAL
CORP., Employer,

and

Division of Employment Security,
Respondent.

No. ED 88302.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 2007.

Richard C. Homire, St. Louis, MO, for appellant.

Flik International Corporation, St. Louis, MO, Employer Acting pro se.

Marilyn Green, Cynthia Quetsch, Jefferson City, MO, for Division of Employment Security, respondent.

KATHIANNE KNAUP CRANE, Judge.

Claimant, David Cotton, appeals from the order of the Labor and Industrial Relations Commission (the Commission) disqualifying him from receiving unemployment benefits and affirming the decision of the Appeals Tribunal of the Division of Employment Security (the Division) that claimant was discharged for misconduct connected with work. Claimant appeals, asserting that his documented absences for illness and family emergencies did not con-

stitute misconduct connected with work. The Division concedes this point. However, the Division urges us to affirm on the ground that there was evidence that claimant voluntarily quit without good cause. We reverse and remand with directions to remove claimant's disqualification.

Claimant was employed by Flik International Corporation (employer), a food service business, from April 12, 2005 until March 1, 2006.[1] On March 6, 2006, claimant filed a claim for unemployment benefits with the division. Employer's manager, Paula McCollan, filed a letter of protest, which stated:

> [Claimant] *quit* his job on Wednesday, March 1[.] He told the Chef "He wasn't going to make it[.]" He had already been reprimanded for his attendance. He was at work when he told the Chef he quit [and] left the job 3 hrs before his day ended.

On March 24, 2006, a deputy denied claimant's claim for unemployment benefits by applying Section 288.050.1(1) RSMo, which provides for disqualification if a claimant voluntarily quits without good cause attributable to his work or employer. The deputy determined that "the claimant is disqualified ... because the claimant left work with ... [employer] voluntarily without good cause." It gave as its reason: "The claimant quit because he believed he was going to be fired eventually because of his attendance. Although he had been warned about his attendance, no one in authority told him he was fired."

Claimant filed an appeal with the appeals tribunal of the Division. In his notice of appeal, claimant stated:

> I was told that I only had a 1/2 occurrence left. On 3–1–06 I had an emergency I needed to pick up my son, his mother was out of town and his grand-

mother just had her leg amputated 2 weeks prior. I was told by leaving I would be terminated. I need my unemployment.

On April 12, 2006, the appeals referee conducted a hearing. At the beginning of the proceedings, the referee announced that there were two issues before him: 1) whether there was good cause for a voluntary separation from work as found by the deputy or 2) whether claimant was discharged for misconduct connected with his work. Claimant was the only participant and only witness at the hearing. The referee asked claimant if he quit or was discharged, and claimant replied that he was discharged. Claimant testified that he had previously missed work due to his own two-day hospitalization, his follow-up medical appointment, and car problems. He provided documentation of the absences to employer. However, employer issued two final written warnings to claimant stating that he would be terminated if he came in late or left early again. On March 1, 2006, claimant informed employer that he needed to leave work to pick up his son because no other relative was able or available to do so. Employer, through its executive chef, told claimant that if he left work he would be terminated. Claimant testified that he had "no other alternative" but to leave work, and he understood he would be terminated for his absence. Claimant had no further contact with employer.

On April 14, 2006, the appeals tribunal entered its order reviewing the decision of the deputy and determined that claimant had been discharged for misconduct connected with work under section 288.050.2. It found that on March 1, 2006, employer warned claimant that if he left he would be terminated and that "claimant had no choice and had to leave." The appeals

---

1. Employer has not filed a brief in this appeal.

tribunal further found that prior to March 1, 2006, claimant had received two prior warnings and that some of claimant's absences were due to a medical situation. It found that claimant "was discharged . . . because of poor attendance" and that his absences showed "a disregard of the standards of behavior the employer has a right to expect of its employee." The appeals tribunal determined that employer had no obligation to excuse the absences, that employer followed its attendance policy and progressively disciplined claimant for his absences, and that claimant was "discharged March 1, 2006 for misconduct connected with his work." It modified the deputy's determination that claimant had quit, and disqualified claimant for waiting week credit and benefits until claimant earned wages for insured work equal to six times the claimant's weekly benefit amount after March 1, 2006.

On May 1, 2006, claimant filed an application for review with the Commission. The Commission affirmed and adopted the decision of the appeals tribunal. Claimant appeals.

## DISCUSSION

On appeal from an order of the Commission, "[t]he findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210 RSMo (2000). We may modify, reverse, remand for rehearing or set aside a decision of the Commission on the following grounds and no other: 1) that the Commission acted without or in excess of its powers; 2) that the Commission's decision was procured by fraud; 3) that the facts found by the Commission do not support the award; or 4) that there was no suffi-cient competent evidence in the record to warrant the making of the award. *Id.*

Accordingly, our review in unemployment compensation cases is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law. *Streitz v. Juneau,* 940 S.W.2d 548, 550 (Mo.App. 1997). We review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commission's findings. *Id.* at 550. We defer to the Commission's resolution of witness credibility. *City of Branson v. Santo,* 111 S.W.3d 910, 914 (Mo.App.2003). When the Commission, as a trier of fact, has reached one of two possible conclusions from the evidence, we will not reach a contrary conclusion even if we might have reasonably done so. *Id.*

We defer to the Commission on issues of fact, but review questions of law *de novo.* *National Resort Mart, Inc. v. Hitchcock,* 88 S.W.3d 459, 461–62 (Mo.App. 2002). Whether the Commission's findings support the conclusion that a claimant engaged in misconduct connected with work is a question of law. *Five Star Mfg., Inc. v. Tanksley,* 168 S.W.3d 719, 721 (Mo.App. 2005); *Branson,* 111 S.W.3d at 914; *Dixon v. Division of Employment Sec.,* 106 S.W.3d 536, 540 (Mo.App. W.D.2003).

In his sole point on appeal, claimant contends that the Commission erred in denying his claim for unemployment benefits because there was no competent evidence to support a conclusion that his documented absences due to sickness, car trouble, and family emergency constituted "misconduct" as used in section 288.050.2, citing *Croy v. Division of Employment Security,* 187 S.W.3d 888, 893 (Mo.App. 2006).

The Division concedes this point. However, it contends that claimant voluntarily

quit without good cause, which is a ground for disqualification under section 288.050.1(1), and argues that we should affirm the disqualification for that reason. It submits that we may affirm a Commission decision that reaches the right result even if a wrong or insufficient reason is given for the ruling, citing *Davis v. School of the Ozarks, Inc.*, 188 S.W.3d 94, 105 (Mo.App.2006).

■ In *Davis,* the court extended to Commission decisions the general principle that an appellate court will affirm a correct result in a bench-tried case even if the trial court has given a wrong or insufficient reason for its ruling. *Id.* This principle applies to the situation in which the trial court has given an erroneous or insufficient explanation for its decision. *Covert v. Fisher,* 151 S.W.3d 70, 73–74 (Mo.App. 2004); *66, Inc. v. Crestwood Commons Redev. Corp.*, 130 S.W.3d 573, 584 (Mo.App. 2003). In such situations we may affirm if, based on the evidence, we could reach the same result. *Professional Laundry v. Aquatic Tech.*, 109 S.W.3d 200, 203 (Mo. App.2003); *Delta Loan Etc. v. Osage Outdoor Advertising,* 587 S.W.2d 653, 658 (Mo.App.1979). However, we cannot affirm under this rule "if affirmance would require us to engage in functions properly reserved to the trial court, such as weighing evidence and assessing credibility." *Smith v. Square One Realty Co.,* 92 S.W.3d 315, 317 (Mo.App.2002).

■ In this case, the two issues at the hearing were whether claimant had quit or whether he was discharged. *See Davis,* 188 S.W.3d at 102. Even if claimant testified only on the issue of his discharge for misconduct, that did not preclude the Commission from considering the other relevant issue. *Id.* "When the issue is whether an employee was discharged or quit, the employee—not the employer—bears the burden of proving he was discharged and did not voluntarily quit." *Davis,* 188 S.W.3d at 104. The Commission's determination of whether an employee voluntarily left work or was discharged is a factual determination. *Bunch v. Division of Employment Sec.,* 965 S.W.2d 874, 877 (Mo.App.1998); *Sokol v. Labor and Indus. Relations Comm'n,* 946 S.W.2d 20, 24 (Mo.App.1997).

After weighing the evidence and assessing credibility, the Commission found that employer discharged claimant. It specifically considered the employer's claim and the referee's finding that claimant had quit and rejected that finding when it modified the referee's award.

■ The determination of the Commission on conflicting facts is conclusive. *Scrivener Oil Co. v. Division of Employment Sec.,* 184 S.W.3d 635, 639 (Mo.App. 2006). The Commission made the factual determination that claimant met his burden that he was discharged and did not voluntarily quit. We are bound by this factual finding and cannot make the contrary factual finding that claimant quit. *Branson,* 111 S.W.3d at 914. This is not a situation in which we may "affirm" a "correct result," because the process would require us to engage in the fact-finding function reserved to the Commission.

The Commission erred as a matter of law in determining that its findings supported a conclusion that claimant engaged in misconduct connected with work. Accordingly, we reverse the decision of the Commission and remand with directions to remove claimant's disqualification.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.