Cheryl WILSON, Claimant/Appellant,

v.

Q STOP III, Employer/Respondent,

and

Division of Employment Security, Respondent.

No. ED 91001.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 4, 2008.

Patricia Ann Harrison, John J. Ammann, Co-counsel, St. Louis, MO, for appellant.

Matthew Ryan Heeren, Larry Raymond Ruhmann, Co-counsel, Jefferson City, MO, for respondent Division of Employment Security.

Michael R. Jones, Q. Stop III, LLC, Moscow Mills, MO, for respondent Employer.

## OPINION

BOOKER T. SHAW, Presiding Judge.

Cheryl Wilson appeals the decision of the Labor and Industrial Relations Commission denying her unemployment benefits after she allegedly told a manager that she would call in sick if management refused her request for two hours' leave to take her child to a doctor's appointment. Wilson alleges two points of error: (1) that the Commission's decision is not supported by substantial competent evidence because her alleged statement was hearsay, and (2) even if the evidence is deemed substantial and competent, the statement does not rise to the level of misconduct warranting disqualification from benefits. We reverse and remand with directions to remove the disqualification.

### Facts and Procedural Background

Wilson began working as a cashier at the Warrenton Q Stop convenience store in August 2006. When she was hired, Wilson notified Q Stop management that she has four children with various medical conditions and would occasionally need to request schedule changes to take her children to doctors' appointments. Q Stop's policy was to reasonably accommodate parents with such scheduling challenges. The record suggests the presence of ongoing and escalating tension between Wilson and management due to Wilson's frequent requests for schedule changes-not only for children's appointments but also for social and personal reasons-and management's inability or unwillingness to accord leave.

Wilson requested time off on 22 days in September and October of 2007—sometimes a couple of hours for doctors' appointments, other times entire days. Among those requests, Wilson asked for two hours off on October 2nd to take her son to a doctor's appointment. Q Stop's operations manager, Richard Berliner, indicated that he couldn't accommodate Wilson's schedule. Wilson then allegedly told a store manager, Tina Houston, that Wilson would call in sick if not granted the time off. Wilson denies it but admits having made a similar statement-in jest, she contends—to a co-worker regarding their

Halloween shift later that month. Based on the foregoing, Berliner terminated Wilson October 2nd for insubordination.

After a telephone hearing, the Appeals Tribunal determined that Wilson was disqualified from receiving unemployment benefits because she was discharged for misconduct as defined by section 288.030.1(23) RSMo. A two-thirds majority of the Commission affirmed the decision, with one commissioner dissenting.

### Discussion

■ An appellate court may modify, reverse, remand, or set aside the Commission's decision when the record lacks sufficient competent evidence to warrant the award. Section 288.210.4. We defer to the Commission's findings of fact but review questions of law de novo. *Cotton v. Flik Intern. Corp.*, 213 S.W.3d 189, 192 (Mo.App. E.D.2007). Whether the Commission's findings support the conclusion that a claimant engaged in misconduct is a question of law. *Id.*

■ In her first point, Wilson asserts that the Commission erred by relying solely on hearsay evidence as a basis for its conclusion that Wilson engaged in misconduct. During the administrative hearing, Berliner testified that Houston told him that Wilson told Houston that Wilson would call in sick if not granted leave. Wilson objected on the basis of hearsay. State regulation instructs that, while hearsay is generally admissible in unemployment hearings, when timely objected to, hearsay does not constitute competent evidence to support a finding. 8 CSR 10–5.015(10)(B)4 (2008). Similarly, this court has held that "hearsay evidence and conclusions based upon hearsay do not qualify as 'competent and substantial evidence on the whole record'" to support an administrative determination. *Crawford v. Industrial Commission*, 482 S.W.2d 739, 742 (Mo.App.1972). Berliner's testimony does not constitute competent and substantial evidence supporting the Commission's decision.

■ What remains, then, is Wilson's admission that she joked with a co-worker about calling in sick on Halloween. Wilson asserts in her second point that the statement, even if taken seriously, does not rise to the level of misconduct warranting a disqualification of benefits. We agree. She made the statement to a co-worker with no supervisory authority. And while chronic absenteeism may constitute misconduct under section 288.050.3, the record before us contains no evidence that Wilson ever actually failed to show up for a scheduled shift before she was fired. When asked by the Tribunal, Wilson testified that ultimately she would have worked the Halloween shift.

The Division seeks a holding that a threat of a future unauthorized absence amounts to misconduct. Section 288.030.1(23) defines misconduct as:

> an act of *wanton or willful disregard* of the employer's interest, a *deliberate violation* of the employer's rules, a *disregard* of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest *culpability, wrongful intent or evil design*, or show an *intentional and substantial disregard* of the employer's interest or of the employee's duties and obligations to the employer. (emphasis added)

Even the Tribunal's own characterization of Wilson's conduct falls short of the definition, describing her as demonstrating a *"lack of concern* for the interest of her employer, which is *contrary to the standard* of behavior that an employer has a right to expect of an employee." Moreover, Missouri precedent suggests that the

designation is reserved for threats of a far more serious nature, such as death, violence, and destruction of property. *See for example Storz Instrument Company v. Labor and Industrial Relations Commission,* 723 S.W.2d 72 (Mo.App. E.D.1986) (holding that a threat to kill a co-worker constitutes misconduct); *Circuit Court of Jackson County v. Division of Employment Security,* 936 S.W.2d 611 (Mo.App. W.D.1997) (holding that pointing a gun at a litigant and threatening to kill her and destroy her property constitutes misconduct); and *Simpson Sheet Metal, Inc. v. Labor and Industrial Relations Commission,* 901 S.W.2d 312 (Mo.App. S.D.1995) (holding that threats of destruction and violence coupled with obscenities constitute misconduct). We decline to place Wilson's conversation with a co-worker in the same category.

### Conclusion

Wilson's remark does not rise to the level of misconduct as contemplated by the statute and further interpreted by case law. The Commission's decision is reversed, and the case is remanded for removal of the disqualification and entry of an award of benefits accordingly.

KATHIANNE KNAUP CRANE and MARY K. HOFF, JJ., concur.