Tawanna DAVIS, Appellant,

v.

TRANSPORTATION SECURITY AND DIVISION OF EMPLOYMENT SECURITY, Respondents.

No. ED 92287.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 6, 2009.

John J. Ammann, St. Louis, MO, for appellant.

Div. of Employment Security, St. Louis, MO, pro se.

Shelly A. Kintzel, Jefferson City, MO, for respondents.

## OPINION

PATRICIA L. COHEN, Judge.

Tawanna Davis (Claimant) appeals the decision of the Labor and Industrial Relations Commission denying her unemployment benefits after she became unable to work due to complications from an ectopic pregnancy. We reverse and remand.

### Background

Claimant worked as a security officer for the Transportation Security Administration (Employer) at Lambert–St. Louis International Airport from October 2007 until she was terminated in March 2008. Her scheduled shifts were Sunday through Wednesday from 5 a.m. to 5 p.m., with a two-hour break between 10 a.m. and 12 p.m. In January 2008, Claimant started having frequent vaginal bleeding. The record demonstrates that she sought emergency medical treatment January 23 and 26 and February 4 and 18, at which time she was placed on bed rest for three days. On February 22, Claimant received injections intended to terminate an ectopic pregnancy, with clearance to return to work February 27. She had a follow-up appointment March 3 and weekly blood tests through May. Claimant testified that, throughout that period, she experienced ongoing complications, including contractions and abdominal pain, blurred vision, and chest pains. The record reflects that her hormone level was still excessive as late as May 20 and required further testing.

Employer's representative testified that Claimant "had been taking a lot of time off because of those medical problems." On March 5, Employer issued a letter of reprimand for unexcused absences, at which time Claimant disclosed her medical problems. Claimant's supervisor, Wayne Klobe, advised Claimant to complete and submit a standard leave form accompanied by medical documentation to substantiate her condition, but he also indicated that, regardless of the form, Claimant was ineligible for leave under the Family and Medical Leave Act (FMLA). Claimant provided doctor's notes for her absences but did not submit additional medical documentation or the standard form, believing such an exercise to be futile. By letter dated April 11, Employer terminated Claimant's employment because she was absent without leave. Claimant testified that she asked Mr. Klobe for an in-person meeting to discuss the situation, but he refused and said that the "damage was already done" and she could re-apply in six months.

After a telephone hearing, the Appeals Tribunal made the following findings of fact, which the Commission adopted in their entirety: Claimant was frequently absent from work from January through March due to complications from her pregnancy, treatment, and problems resulting from the treatment. Claimant worked through March 12, 2008, and thereafter called in sick for each of her scheduled shifts due to her health problems. Claimant exhausted her leave time, and, because she had not yet worked for Employer for one full year and was still within a probationary period, she did not qualify for leave under the FMLA. Employer terminated Claimant's employment for being absent without leave.

Based on the foregoing findings of fact, the Tribunal made the following conclusions of law: "Claimant quit her job effective March 12, 2008 when after that date claimant was unable to work due to her health conditions." The Tribunal further

found that "[w]hile the claimant's being unable to continue working due to her health condition constituted a good cause for the claimant's quitting, it was not attributable to her work or her employer." The Commission affirmed the Tribunal's decision. Claimant appeals.

### Standard of Review

This court may modify, reverse, remand for rehearing, or set aside the decision of the Commission when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210 RSMo 2000. Our review is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law. *Korkutovic v. Gamel Company*, 284 S.W.3d 653, 656 (Mo.App. E.D.2009). Although this court defers to the Commission's factual findings, we are not bound by the Commission's conclusions of law or its application of the law to the facts. *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008).

### Discussion

In her first point, Claimant asserts that the Commission erred in finding that she voluntarily quit work where her failure to return to work was caused by "serious health complications associated with pregnancy." In support of her point, Claimant relies on the Missouri Supreme Court's recent decision in *Difatta–Wheaton, supra.* There, the claimant missed work due to complications from treatment for ovarian cancer. 271 S.W.3d at 595. Despite doctor's notes to her supervisor, the complainant's employer deemed her to have voluntarily resigned due to unexcused absences.

*Id.* The Court considered whether the claimant's absence constituted a voluntary quit under section 288.050.1(1), which provides that a claimant is disqualified from receiving benefits if she "has left work voluntarily without good cause attributable to such work or to the claimant's employer." Noting that the claimant did not choose to have cancer and was not responsible for its complications or the timing of their occurrence, the Court held that the claimant could not be said to have left work voluntarily. *Id.* at 598–99.

Claimant also relies on *Korkutovic v. Gamel Company*, 284 S.W.3d 653 (Mo. App. E.D.2009). There, the employer terminated the claimant after he submitted doctor's notes imposing certain work restrictions limiting his ability to perform his job. *Id.* at 655. The Commission concluded that the claimant did not voluntarily leave work but was discharged. This court affirmed the Commission's decision, noting that, "[l]ike the claimant in *Difatta–Wheaton*, it cannot be said that Claimant made a choice or was otherwise responsible for his medical problems and their consequences." *Id.* at 658. We further concluded that "[e]mployer's position that the Commission erred in finding that Claimant did not leave work voluntarily but was discharged is untenable in light of the recent Missouri Supreme Court case *Difatta–Wheaton.*" *Id.* at 656.

We find this case indistinguishable from *Difatta–Wheaton* and *Korkutovic*. Here, the Commission adopted findings that Claimant "called off absent for each of her scheduled shifts due to her health problems ... [but] she did not have any leave available to cover her absence after March 12, 2008...." Accepting the Commission's findings of fact as true, we conclude that claimant cannot be said to have left work voluntarily. As in *Difatta–Wheaton*, there is no evidence in the record that Claimant

"made a choice or was otherwise responsible for her [ectopic pregnancy], its complications, or the timing of their occurrence." 271 S.W.3d at 598.

The Division of Employment Security does not dispute that Claimant's medical condition resulted in her "being unable to continue working" but argues that a "failure to provide documentation—not the absence from work itself—... caused Claimant's separation from her employer." The Division's argument is unpersuasive because it ignores the Commission's findings that Claimant quit her work because "she was unable to work due to her health condition" rather than that her employer terminated her due to a failure to provide paperwork. Although the Division argues strenuously that we should reconsider the evidence Employer provided to the Tribunal, conscious of the appropriate standard of review, we decline to do so.[1] Point granted.

In her second point, Claimant submits that, if her work separation is deemed involuntary, Employer cannot meet its burden of proving that Claimant was discharged for misconduct. We need not reach the merits of this point. Nothing in the record suggests that Employer alleged misconduct on Claimant's part. The Division concedes that the issue was not before the Commission. "Issues not raised before the Commission may not be raised on appeal." *Jones v. GST Steel Co.*, 272 S.W.3d 511, 515 (Mo.App. W.D.2009). Point dismissed.

### Conclusion

The Commission's decision is reversed. We remand the cause for removal of the disqualification and entry of an award of benefits.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., Concur.

1. We do not reach the issue of "good cause" for a voluntary quit because, under *Difatta-Wheaton*, Claimant's "quit" was not voluntary.