Chad **KRAEMER**, Respondent,

v.

**QUALITY HEATING & AIR CONDITIONING, INC.,**
Appellant,

and

**Division of Employment Security,**
Respondent.

No. ED 94885.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 18, 2011.

Michael J. Bobroff, St. Louis, MO, for appellant.

Ninion S. Riley, Michael Pritchett, Jefferson City, MO, for respondent DES.

Jeffrey E. Hartnett, St. Louis, MO, for respondent Chad Kraemer.

KENNETH M. ROMINES, J.

### Background and Procedural History

Respondent Chad Kraemer (Kraemer) was employed by Appellant Quality Heating & Air Conditioning, Inc. (Quality) as a pipe fitter foreman. On the morning of 26 June 2009, Quality's president informed Kraemer that he would be coming to the job site later that day to discharge a member of Kraemer's crew, Chad Huff. The president arrived later with the company's vice president and terminated Mr. Huff. Offended by Mr. Huff's discharge, Kraemer spoke with Quality's vice president just after the firing and told him he no longer wanted to be foreman. The vice president responded "That's okay. You're done here, too," and demanded Kraemer surrender the keys to his company truck and cell phone.

Kraemer filed a claim for unemployment benefits on 30 June 2009. A Division deputy determined that Kraemer was disqualified from receiving benefits because he left his job voluntarily without good cause attributable to his work. Kraemer appealed that decision. After a hearing, the Appeals Tribunal affirmed the deputy's decision. Kraemer then appealed to the Labor and Industrial Relations Commission (Commission), which reversed the denial of benefits, finding that Kraemer was entitled to unemployment benefits because he was discharged for reasons other than misconduct. Quality now appeals the decision of the Commission. We affirm the Commission's decision.

### Standard of Review

■ On review, this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission if: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the decision. Section 288.210.[1] The Commission's findings of fact are conclusive and jurisdiction of the appellate court is limited to questions of law. *Id.* The Commission's decision should not be overturned unless it is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003).

### Discussion

■ This case turns on whether Kraemer left work voluntarily or not. If he left work voluntarily, he is not entitled to unemployment benefits. Section 288.050.1. If he was discharged for reasons other than misconduct, he may be entitled to benefits. *Miller v. Kansas City Station Corp.,* 996 S.W.2d 120, 124 (Mo.App. W.D. 1999). Appellant claims Kraemer voluntarily quit all employment with Quality when he informed the vice president he no longer wanted to be foreman. The Division determined that by that statement Kraemer was resigning only the foreman position but was not resigning his employment entirely. It concluded that Quality discharged Kraemer when the vice president told him "You're done here, too," and made him surrender his keys and phone.

■ The question of whether an employee voluntarily left work or was involuntarily discharged is a factual determination to be made by the Commission. *Cotton v. Flik Intern. Corp.,* 213 S.W.3d 189, 193 (Mo.App. E.D.2007). This is because the issue often comes down to con-

---

1. All statutory references are to RSMo (2008).

flicting testimony and the Commission is in a better position to judge witness credibility. *See Scrivener Oil Co., Inc. v. Crider*, 304 S.W.3d 261, 266–67 (Mo.App. S.D.2010). The Commission specifically recited that Kraemer's version of events was more credible. It found that the vice president discharged Kraemer when he told him he was "done." This Court is bound by the Commission's factual findings and cannot make the contrary finding that Kraemer quit. *Cotton*, 213 S.W.3d at 193.

### Conclusion

The determination of whether an employee quit or was fired is a factual one to be made by the Labor and Industrial Relations Commission. This Court is bound by that decision. The Commission concluded that Kraemer was discharged for reasons other than misconduct and was entitled to unemployment benefits. We affirm.

ROY L. RICHTER, C.J. and KATHIANNE KNAUP CRANE, J. concur.