

# Missouri Court of Appeals
## Southern District
### Division Two

JENNIFER DEARBORN,     )
            )
 Claimant-Respondent,    )
            )
vs.            )  No. SD32774
            )
GREAT SOUTHERN FINANCIAL   )  Filed February 10, 2014
CORPORATION,       )
            )
 Employer-Appellant,     )
            )
DIVISION OF EMPLOYMENT SECURITY, )
            )
 Respondent.       )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### AFFIRMED

Great Southern Financial Corporation ("Great Southern") appeals an order of the Labor and Industrial Relations Commission ("the Commission") affirming and adopting the Appeals Tribunal's determination that Jennifer Dearborn ("Claimant") was not disqualified from receiving unemployment benefits upon a finding that Claimant was discharged for lack of work after Great Southern sold its travel business to another corporation. Finding no error as alleged in Great Southern's sole point, we affirm.

## Factual and Procedural Background

Claimant was employed by Great Southern Travel, a subsidiary of Great Southern, as a switchboard operator from July 2007 until December 2, 2012. Effective December 2, 2012, Great Southern Travel sold its travel division to Adelman Travel ("Adelman"). As part of the sale, Great Southern had negotiated with Adelman to allow its employees in its travel division to continue employment with Adelman, assuming the same position and receiving the same rate of pay and benefits. Great Southern notified its employees that, if they chose not to work for Adelman, they could apply for other positions available within Great Southern, with no promise of continued employment, or else quit entirely.

Claimant's employment with Great Southern ended on December 2, 2012, and she began employment with Adelman on December 3, 2012. On January 4, 2013, she was "let go" by her immediate supervisor at Adelman.

Claimant filed for unemployment benefits January 8, 2013. Great Southern, designated as a base period employer,[1] protested Claimant's claim, contending that Claimant's employment with Great Southern ended "due to an acquisition with Adelman. As a result of this acquisition, she was able to continue her employment with the acquiring institution at the same position and same rate of pay."

On February 8, 2013, the Division of Employment Security ("Division") determined that "Claimant is not disqualified because of the separation on 12/02/12. The separation was not for misconduct connected with work[]" for the reason that Claimant

---

[1] Pursuant to section 288.100.1, RSMo Cum.Supp. 2011, benefits paid to an eligible claimant are charged against the account of an employer who employed the claimant during a calendar base period. *Lance v. Div. of Emp't Sec.*, 335 S.W.3d 32, 38 (Mo.App. 2011). Section 288.030.1(2), RSMo Cum.Supp. 2006, defines a base period as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year."

"was separated for reasons attributable to a lack of work because the employer sold the business."  Great Southern appealed the deputy's determination to the Appeals Tribunal, contending that "Great Southern believes that Claimant continued working (with Adelman Travel) on and after December 3, 2012.  Therefore, Claimant did not become unemployed because of any actions of Great Southern, and Claimant should be disqualified from collecting Unemployment Compensation benefits against the account of Great Southern."

A hearing via telephone conference was held March 26, 2013.  Hannah Bollenbach, Great Southern's assistant director of human resources, testified on its behalf.  She stated that the last day Claimant worked for Great Southern was December 2, 2012, and her employment with Adelman commenced December 3, 2012.  When asked if Claimant quit or was discharged, Ms. Bollenbach opined that Claimant voluntarily quit, as her file was coded "eligible for rehire based on our agreement with Adelman Travel" based on a decision made by "management."  However, she further testified that employees affected by the purchase by Adelman were informed "[t]hat their last day with us would be December 2nd[.]"  As part of the negotiation for the sale of Great Southern's travel business, it was agreed that employees of the travel division were to be offered to continue employment with Adelman at the same rate of pay, with the same benefits, and at the same position as that they had attained with Great Southern.  Employees reported to the same location for work.  Employees' accrued vacation and sick leave benefits were "transferred over to Adelman[,]" and they retained their seniority ranking.  Ms. Bollenbach agreed that the employees "had the option to either go with Adelman or not work."

3

Ms. Bollenbach contended, in regard to Claimant, "there never was a work separation" between December 2 and December 3, 2013. However, when questioned by the appeals referee as to what would have happened to Claimant's employment with Great Southern had she chosen not to work for Adelman, she stated, "she would have had the opportunity either to look for other employment within Great Southern because we coded her file . . . voluntary, eligible for rehire; but, if she chose not to take the job with Adelman, she would not have had a position."

Claimant testified she had been employed from July 2007 until December 2, 2012, by Great Southern as a switchboard operator. When asked whether she was discharged or quit, she answered, "I was transferred to Adelman." However, on January 4, she "was let go by [her immediate supervisor][.]" Claimant testified, "[S]he said that I wasn't happy at my job and that she wasn't either." Her understanding regarding the status of her employment when Adelman Travel acquired the travel division of Great Southern was that "if I didn't want to go to Adelman I could have tried to find another position within Great Southern, . . . otherwise I just wouldn't have had a job." Claimant did not try to find another position within Great Southern and stated that she "was just fine going over to Adelman."

At the end of the hearing, counsel for Great Southern argued that Claimant was terminated by Adelman and that "Great Southern had nothing to do with her termination." Counsel further argued that "there was no work separation for the claimant[,]" and Claimant's benefits should not be charged against Great Southern.

On March 29, 2013, the Appeals Tribunal issued its decision affirming the

deputy's determination that Claimant was not disqualified for benefits. It found, in part,

that

> [e]mployees were told that they could transfer to the new company, . . .
> [and] [i]f claimant chose not to transfer to the new company, she could
> look for another position within employer's company, or she would not be
> allowed to remain employed after December 2, 2012, because her position
> was no longer available. There was no evidence that positions for transfer
> were available for which claimant was qualified.
>
> Claimant resigned her present employment effective on December 2,
> 2012, and began working with the new corporation on December 3, 2012.
> Employer's directions guided claimant's actions.
>
> The Appeals Tribunal finds that on December 2, 2012, claimant was
> forced to resign from her employment in order to continue her same
> position with a new corporation.

In its conclusions of law, the tribunal found:

> On the whole record the competent and substantial evidence shows that
> claimant was forced to leave her employment by employer's decision to
> sell their travel business. A forced resignation is a discharge. Claimant
> was discharged on December 2, 2012. The issue is whether she was
> discharged for misconduct connected with her work. Employer bears the
> burden of proving misconduct.
>
> * * * *
>
> Claimant's employment with the new company is separate and does not
> affect her separation from employer. Claimant was discharged for lack of
> work when her employer required her to move to the new company or be
> discharged. This is not misconduct. Employer has not met its burden in
> proving misconduct by a preponderance of the evidence.
>
> Great Southern applied to the Commission for review, contending:
>
> the Appeals Tribunal analyzed this case under the wrong legal standard[]
> and placed the burden of proof on the wrong party. Contrary to the
> analysis of the Appeals Tribunal, the issue in this case is not whether
> Claimant was discharged for misconduct, but, rather, whether she had
> good cause to voluntarily leave employment with Great Southern.

Great Southern argued that "Claimant could have sought transfer to another position within Great Southern, but she chose not to do that[] and accepted employment with Adelman Travel.  Accordingly, Claimant was not 'forced' to leave her employment with Great Southern as found by the Appeals Tribunal[.]"  Great Southern contended it was not Great Southern's burden to prove misconduct; rather, "it was Claimant's burden to prove "good cause attributable to the employer" for her voluntary quit"; that it "had nothing to do with Claimant becoming unemployed, as admitted by Claimant during her testimony at the Hearing[,]"[2]; and that Claimant "voluntarily resigned her employment without good cause attributable to Great Southern[.]"

The Commission affirmed and adopted the decision of the Appeals Tribunal. Great Southern timely appealed and presents one point relied on:

> The Commission erred in concluding that Claimant was not disqualified from receiving unemployment compensation benefits by reason of her separation from employment with the employer, because the Commission analyzed this case under the wrong legal standard ("discharge for misconduct" rather than "good cause to voluntarily leave employment") and thereby placed the burden of proof on the wrong party, in that Claimant was offered the choice to seek another position with the employer or work her same position with the company purchasing the travel division of the employer, and voluntarily chose to resign from employment with the employer and accept employment with the purchasing entity.

---

[2] On cross-examination of Claimant by Great Southern's counsel, counsel asked Claimant, "[W]hen you were terminated in January by Adelman, that termination was in no way affected by Great Southern, correct?"  Claimant responded, "That is correct."  Counsel then asked Claimant, "So that termination involved your relationship with Adelman and had nothing to do with your prior work at Great Southern?" Claimant again responded, "That is correct."
  The appeals referee further examined Claimant as follows:

> Q. . . .  So just to clarify what [counsel] just asked, . . . so was this discharge based on just the work in December?  Or also on the work that you did at Great Southern?

> A.  Well honestly, . . . it was just because of Adelman.  I--I guess that I don't understand why, . . . my termination had nothing to do with Great Southern at all.  I wasn't even a Great Southern employee at that point.  [Tr. 24]

6

Great Southern disagrees with the Commission's finding that Claimant "was forced to resign from her employment in order to continue her same position with a new corporation[,]" as well as the Commission's conclusion that Great Southern required Claimant "to move to the new company or be discharged." Great Southern concludes that Claimant should be disqualified from receiving benefits charged against the account of Great Southern "because she voluntarily resigned her position without good cause attributable to Great Southern[] to begin working with Adelman Travel."

**Standard of Review**

Pursuant to section 288.210, RSMo 2000, upon appellate review of a decision from the Commission, this Court

> may modify, reverse, remand for hearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1)  That the commission acted without or in excess of its powers;
>
> (2)  That the decision was procured by fraud;
>
> (3)  That the facts found by the commission do not support the award; or
>
> (4)  That there was no sufficient competent evidence in the record to warrant the making of the award.

"The Commission's award will be upheld if there is sufficient competent and substantial evidence to support it." *White v. St. Louis Teachers Union*, 217 S.W.3d 382, 388 (Mo.App. 2007). In our review, we determine whether an award is supported by competent and substantial evidence by examining the entire record, and we defer to the Commission's determinations of credibility of witnesses and weight of the evidence. *Id.* Furthermore, this Court defers to the Commission's factual findings when they are supported by competent and substantial evidence. *Id.*

7

## Discussion

Claimant has the burden to prove she is eligible for benefits. ***Taylor v. Div. of Emp't Sec.***, 153 S.W.3d 878, 881 (Mo.App. 2005). When an employer claims an employee voluntarily left his or her employment without good cause attributable to the employer, as Great Southern claimed here, to qualify for immediate benefits, the employee must demonstrate either that he or she did not leave work voluntarily but was discharged or that he or she left work for good cause attributable to the employer. ***Id.*** The issue here is whether Claimant was discharged or voluntarily quit.

"'Judicial interpretations of the unemployment statutes have required that an employee not have *caused* his dismissal by his wrongful action or inaction or his choosing not to be employed.'" ***Shields v. Proctor & Gamble Paper Prods. Co.***, 164 S.W.3d 540, 544 (Mo.App. 2005) (quoting ***Mo. Div. of Emp't Sec. v. Labor & Indus. Relations Comm'n of Mo.***, 651 S.W.2d 145, 149 (Mo. banc 1983)). "The relevant facts and circumstances surrounding an employee's cessation of employment are controlling." ***Willcut v. Div. of Emp't Sec.***, 193 S.W.3d 410, 412 (Mo.App. 2006). Although Great Southern's witness characterized Claimant's separation from employment as a voluntary quit, an employer's characterization of a claimant's separation from employment may be instructive, but it is not dispositive. ***Waggoner v. Ozark Anesthesia Assocs., Inc.***, 364 S.W.3d 713, 719 n.8 (Mo.App. 2012).

"Whether an employee quits or is discharged may be determined by examining whether the employer or the employee committed the final act severing the employment relationship." ***Mauller v. Div. of Emp't Sec.***, 331 S.W.3d 714, 718 (Mo.App. 2011). "'An employee is deemed to have left work voluntarily when he leaves of his own accord as opposed to being discharged, dismissed or subjected to lay off by his employer.'" ***Id.***

8

(quoting *Willcut*, 193 S.W.3d at 412). "The plain meaning of the term 'voluntarily,' in this context, means 'proceeding from the will' [or] 'produced in or by act of choice.'" *Valdez v. MVM Sec., Inc.*, 349 S.W.3d 450, 456 (Mo.App. 2011). "Helpful concepts in considering voluntariness generally are the concepts of '*choice*' and '*volition*,' which in turn can include the concept of 'fault' (which is the issue of whether the claimant acted irresponsibly or in an otherwise deficient manner)." *Id.* at 457.

"An employee will not be held to have left work voluntarily when the employer decides to end the employment relationship." *Lentz v. Home Sec. of America*, 380 S.W.3d 1, 5 (Mo.App. 2012). *See also Robinson v. Courtyard Mgmt. Corp.*, 329 S.W.3d 736, 739 (Mo.App. 2011); *Noah v. Lindbergh Inv., LLC*, 320 SW.3d 212, 215 (Mo.App. 2010); *Sokol v. Labor & Indus. Relations Comm'n*, 946 S.W.2d 20, 24 (Mo.App. 1997).

"The Commission's determination of whether an employee voluntarily left work or was discharged is a factual determination[,]" which is a function reserved for the Commission. *Cotton v. Flik Int'l Corp.*, 213 S.W.3d 189, 193 (Mo.App. 2007). *See also Miller v. Great So. Bank*, 367 S.W.3d 111, 117 (Mo.App. 2012); *Sartori v. Kohner Props., Inc.*, 277 S.W.3d 879, 884 (Mo.App. 2009). "The determination of the Commission on conflicting facts is conclusive." *Cotton*, 213 S.W.3d at 193. If it is determined that an employee was discharged, a finding that the claimant was discharged for misconduct connected with claimant's work disqualifies a claimant from receiving immediate benefits. Section 288.050.2, RSMo Cum.Supp. 2011. The issue of whether there was misconduct connected with work is a question of law, which this Court reviews *de novo*. *Butrick v. Peterbilt of Springfield, Inc.*, 373 S.W.3d 473, 479 (Mo.App. 2012).

"In reviewing the factual findings, this court is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result." ***Valdez***, 349 S.W.3d at 455. Here, the Commission found that Great Southern discharged Claimant. Contrary to Great Southern's contention that this finding constituted an application of law to the facts, it was a factual determination. This Court does not review *de novo* the Commission's determination as to whether an employee voluntarily left employment or was discharged. ***Stern v. Camfield***, 411 S.W.3d 859, 860 (Mo.App. 2013). "When the Commission, as a trier of fact, has reached one of two possible conclusions from the evidence, we will not reach a contrary conclusion even if we might have reasonably done so." ***Cotton***, 213 S.W.3d at 192. *See also* ***Sartori***, 277 S.W.3d at 884.

Upon review of the whole record, competent and substantial evidence supports the Commission's finding that Claimant was discharged, and therefore that finding was not contrary to the overwhelming weight of the evidence. Claimant's separation from employment at Great Southern was not a result of Claimant's own choice or volition. In oral argument, counsel for Great Southern conceded that after December 2, 2012, Claimant's job at Great Southern "was not going to exist." This occurred because Great Southern made the business decision to no longer engage in the travel business and therefore had no need for any travel business employees. Claimant contributed nothing to Great Southern's business decision and only became aware of it after it had been made, when she was informed that her current position with Great Southern would no longer exist. A discharge "occurs when the employer ends the work relationship." ***Turner v.***

10

*Mitch Murch's Maint. Mgmt. Co.*, 2013 WL 1209572 *3 (Mo.App. E.D. March 26, 2013). That is precisely what happened here. Great Southern's point is denied.

## Decision

The Commission's order is affirmed.


GARY W. LYNCH, J. - Opinion author

JEFFREY W. BATES, P.J. - concurs

DON E. BURRELL, J. - concurs

11