

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| KALIFA GRAY, | ) | No. ED102698 |
| | ) | |
| Claimant/Respondent, | ) | |
| | ) | Appeal from the Labor and |
| v. | ) | Industrial Relations Commission |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| COLLECTOR'S OFFICE, | ) | |
| | ) | |
| Employer/Appellant, | ) | |
| | ) | |
| AND | ) | |
| | ) | Filed: October 20, 2015 |
| DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

The License Collector for the City of St. Louis appeals from the decision of the Labor and Industrial Relations Commission finding its former employee Kalifa Gray eligible for unemployment benefits. We reverse and vacate the Commission's award.

**Background**

Gray worked for Collector as compliance officer. On August 15, 2014, after Gray complained of work-related stress, Collector placed him on forced leave under its personnel regulations and invoked the Family Medical Leave Act to provide job protection for up to 12

weeks. Collector instructed Gray to seek a medical evaluation and professional counseling and to update Collector's office every week until cleared by a physician to return to work. Gray did not satisfy these conditions. By letter dated October 24, Collector directed Gray to contact the office to report on his status and intentions to return to work. On November 6, Collector notified Gray that his FMLA leave would expire the next day, after which Gray's position would no longer be guaranteed. Collector advised Gray to return to work on November 10 with a physician's release and reminded him that any unexcused absence for three consecutive days would be considered a voluntary resignation. Gray did not respond to Collector's communications until, by letter dated November 11, Gray submitted his resignation stating that he never agreed to take FMLA leave and was forced to take administrative leave without justification and due process.

During the same timeframe, on October 14, after Gray had exhausted his paid vacation and sick leave, he filed a claim for unemployment benefits. On November 6, a deputy for the Division issued a determination that Gray was eligible for benefits because Collector discharged him due to stress. Employer appealed, and the Appeals Tribunal held a hearing. Three witnesses testified on behalf of the Collector: License Collector Mavis Thompson, Compliance Officer Duane Burch (Gray's immediate supervisor), and Chief of Staff Aaron Phillips. Their testimony can be summarized as follows.

After Thompson took office in 2013, she reorganized the chain of command, and the new structure necessitated personnel cross-training. Gray refused to participate in the training. When Burch met with Gray about his attitude, Gray made disparaging remarks about Thompson and became aggressive and defensive, "screaming and yelling," prompting Burch to send Gray home for the day. The next day, August 15, 2014, Thompson and Phillips met with Gray, who said that the training was so stressful that he couldn't eat or sleep or perform his job duties. Phillips

2

described Gray's behavior as argumentative, uncooperative, and erratic. Thompson testified that Gray became contentious and aggressive and was "actually screaming," compelling Thompson to call security officers to escort Gray from the building. Thompson described Gray's actions as "escalating to a threatening manner that it was perceived that he has some illness related to stress. … He was irate." Thompson placed Gray on forced administrative leave and also provided him FMLA information. She explained to the Tribunal that Collector's internal Personnel Regulation 117 authorized her to place an employee on forced leave in certain circumstances, including when the employee is a threat to themselves or others, and that she invoked FMLA in order to hold Gray's job for him while he sought professional treatment. Thompson testified that she could have terminated Gray for insubordination or for unexcused absences when he failed to return to work after his FMLA leave lapsed, but she opted to accept his resignation instead. Collector also adduced into evidence: its numerous letters to Gray, the FMLA information provided to him, Personnel Regulation 117 authorizing forced leave, Collector's employee handbook excerpt regarding unexcused absences, and Gray's letter of resignation. Gray did not appear at the hearing.

Based on the foregoing evidence, the Appeals Tribunal concluded that Gray was eligible for benefits because: he did not take a leave of absence, Collector unilaterally discharged him from his position on August 15, and he did not commit misconduct. The Commission affirmed and adopted the Tribunal's decision. Collector appeals and asserts that the Commission's findings are not supported by sufficient competent evidence. Gray did not file a respondent's brief in this appeal.

**Standard of Review**

An appellate court may modify, reverse, remand for rehearing, or set aside the decision of the Commission only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. §288.210, RSMo 2000. We defer to the Commission on issues of fact, the credibility of witnesses, and the weight to be given to conflicting evidence. Wood v. Kuhlmann Supply Co., 355 S.W.3d 563, 566 (Mo. App. E.D. 2011). The Commission's determination of whether an employee voluntarily left his employment or was discharged is a factual determination. Miller v. Help At Home, Inc., 186 S.W.3d 801, 805 (Mo. App. W.D. 2006). We review that determination only to see if there is competent and substantial evidence in the record to support it. Id. If there is conflicting evidence as to a factual issue, the resolution of that conflict is for the Commission. Id.

**Discussion**

Collector asserts that the Commission's finding that Gray was discharged on August 15 is not supported by sufficient competent evidence. Rather, the evidence demonstrates that Collector held Gray's position for him until he voluntarily resigned by letter dated November 11. Even mindful that our standard of review requires deference to the Commission on this question of fact, we must agree with Collector.

In its decision, the Commission characterizes a leave of absence as a mutually-agreed temporary absence with the expectation that the employee will return to the same job. The Commission then reasons that, because Gray didn't agree to take leave and never intended to return, he was discharged as of August 15. But the case cited by the Commission in support of its rationale, Division of Employment Security v. Labor and Industrial Relations Commission,

4

617 S.W.2d 620 (Mo. App. W.D. (1981), is wholly inapposite. In that pre-FMLA case, the claimant was placed on leave with no job-protection guarantee. Here, Gray's job was preserved for him until November 10, after which he resigned. The Commission further concludes that Collector failed to prove misconduct by Gray, though Collector never asserted misconduct as the basis for separation. The Commission's decision fails to discuss Gray's alarming behavior, Thompson's authority to place him on forced leave under Personnel Regulation 117 regardless of his refusal to accept FMLA protections, Collector's intention and expectation that Gray return to work, Gray's unexcused absences, or, importantly, his letter of resignation. "Though the Commission is the trier of fact, it is not free to arbitrarily ignore relevant evidence that is completely undisputed and neither shown to be disbelieved or noncredible." Moore v. Swisher Mower & Mach. Co., 49 S.W.3d 731, 738 (Mo. App. E.D. 2001).

"An employee leaves work voluntarily when he leaves of his own accord, as opposed to being discharged, dismissed, or subjected to layoff by the employer." Wood, 355 S.W.3d at 567. "Conversely, an employee will not be held to have left voluntarily when the employer decides to end the employment relationship." Id. Here, the substantial competent evidence demonstrates that Collector placed Gray on forced leave under Regulation 117 and extended FMLA protections in order to preserve Gray's job for him until November 10. There is no evidence in the record suggesting that Collector meant to end the employment relationship before that date. Despite Gray's protestations to the involuntary nature of his leave, the evidence establishes that both parties considered the leave temporary but ongoing until November 10.[1] Collector's intent

---

[1] We need not opine whether Gray's forced leave was lawful under the City's personnel regulation 117, though nothing in the record suggests that Gray appealed it to the Civil Service Commission as the rule provides. Nor need we opine whether FMLA job-protection benefits can be conferred involuntarily. Neither mechanism is invoked to discharge an employee but rather to retain one during a physical absence. Here, regardless whether Collector followed those provisions, the salient fact is that Collector *actually* preserved Gray's job for him for the duration and neither party considered Gray discharged as a result.

5

to that effect is clearly illustrated by its numerous letters to Gray. Moreover, Gray's own intent to that effect is demonstrated by his resignation letter – the only evidence in the record from Gray himself – establishing that he considered himself still employed until he left of his own accord on November 11. Thus, the Commission's finding that Gray was not on leave but was discharged August 15 is not even supported by Gray's own characterization of events.

Under §288.050.1(1), a claimant is disqualified from receiving benefits if he leaves work voluntarily without good cause attributable to the work or the employer. The claimant bears the burden of showing good cause. Darr v. Roberts Mktg. Grp., LLC, 428 S.W.3d 717, 724 (Mo. App. E.D. 2014). Good cause means circumstances that would cause a reasonable person in a similar situation to leave employment rather than continue working. Id. "Conditions that motivate the employee to voluntarily leave must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical, and good faith is an essential element." Id. at 725. The employee must prove that he made an effort to resolve the troublesome situation before terminating his job. Id. Here, having defaulted in the Appeals Tribunal hearing, Gray did not carry his burden of proving that he resigned for good cause.

A factual determination is not supported by competent and substantial evidence if it is against the weight of the evidence. Miller, 186 S.W.3d at 805 (citing Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 223 (Mo 2003)). A factual determination by the Commission will be disturbed on appeal, on the basis that it is against the weight of the evidence, only when there is a firm belief that the judgment is wrong. Id. We hold that firm belief here. The entirety of the evidence in the record demonstrates that Gray voluntary resigned without good cause attributable to Collector.

6

**Conclusion**

The Commission's decision is not supported by competent evidence. We reverse the decision and vacate the award.

_Lisa S. Van Amburg_
_____
Lisa S. Van Amburg, Chief Judge


Patricia L. Cohen, J. and
James M. Dowd, J. concur.